IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED DWAYNE GILBERT,

    Petitioner,     No. 2:08-cv-1119 LKK JFM (HC)

  vs.

S.R. Moore, Warden,[1]     ORDER AND

    Respondent.     FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 1, 2008, respondent filed a motion to dismiss this action because petitioner's direct review is still pending in state court.

    Principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Younger v. Harris, 401 U.S. 37, 43-54 (1971) (under principles of comity and

---

[1] Because Claude Finn is no longer the Warden of Deuel Vocational Institute, respondent's request to substitute S.R. Moore as respondent herein will be granted. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1    federalism, a federal court should not interfere with ongoing state criminal proceedings by
2    granting injunctive or declaratory relief absent extraordinary circumstances); <u>Samuels v.</u>
3    <u>Mackell</u>, 401 U.S. 66, 68-74, 91 S.Ct. 764 (1971).  <u>Younger</u> abstention is required when:  (1)
4    state proceedings, judicial in nature, are pending ; (2) the state proceedings involve important
5    state interests; and (3) the state proceedings afford adequate opportunity to raise the
6    constitutional issues.  See <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S.
7    423, 432, 102 S.Ct. 2515 (1982).  The rationale of <u>Younger</u> applies throughout appellate
8    proceedings, requiring that state appellate review of a state court judgment be completed before
9    federal court intervention is permitted.  See <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 607-11, 95
10   S.Ct. 1200 (1975); <u>Dubinka v. Judges of the Superior Court</u>, 23 F.3d 218, 223 (9th Cir.1994)
11   (finding state court proceedings pending where criminal trial completed at time of abstention
12   decision).  Here, criminal proceedings are still considered pending against petitioner in state
13   court because of the pending appeal in the California Court of Appeal.  (Document Lodged
14   August 1, 2008.)  There is no indication that petitioner does not have an adequate opportunity to
15   present his claims in those proceedings.  Because a decision on the instant federal petition would
16   interfere with the pending criminal proceedings in the state court, this court must abstain from
17   deciding the instant petition.
18              In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the
19   Court shall change the name of respondent as noted above (<u>see</u> footnote 1); and
20              IT IS RECOMMENDED that respondent's August 1, 2008 motion to dismiss be
21   granted.  (Docket No. 12.)
22              These findings and recommendations are submitted to the United States District
23   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24   days after being served with these findings and recommendations, petitioner may file written
25   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
26   Findings and Recommendations."  Petitioner is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: August 25, 2008.

```
                                    UNITED STATES MAGISTRATE JUDGE
```

/001
good1947.156