IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED DWAYNE GILBERT,

    Petitioner,                   No. 2:08-cv-1119 LKK JFM (HC)

    vs.

S.R. MOORE, Warden,[1]           <u>ORDER AND</u>

    Respondent.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 26, 2008, this court recommended that respondent's motion to dismiss be granted. On September 12, 2008, petitioner filed objections and another opposition, which differs from the August 15, 2008 opposition considered by the court, both in length and in relief requested. Petitioner now seeks leave to stay the instant action while he exhausts his administrative remedies. Good cause appearing, the court will vacate the August 26, 2008 findings and recommendations and will consider petitioner's request for a stay.

/////

---

[1] Because Claude Finn is no longer the Warden of Deuel Vocational Institute, respondent's request to substitute S.R. Moore as respondent was granted by order filed August 26, 2008.

1

Petitioner filed an amended petition on June 11, 2008 challenging his April 3, 2008 conviction for possession or purchase of cocaine for sale and petty theft with a prior conviction. Petitioner pled nolo contendere. Petitioner raises three grounds alleging violation of his constitutional rights. First, the conviction was obtained by use of evidence gained by an unconstitutional search and seizure. Second, the prosecution failed to disclose witness statements prior to the preliminary hearing and trial. Third, the conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.

On August 1, 2008, respondent filed a motion to dismiss this action because petitioner's direct review is still pending in state court.

Petitioner concedes he has not exhausted the instant claims, but seeks leave to stay this action pending exhaustion of his state court remedies.

Because it is clear that petitioner has not exhausted the claims in the amended petition, the amended petition must be dismissed without prejudice to re-filing after the claims are exhausted by the California Supreme Court. There is no authority for the court to stay a petition that contains only unexhausted claims. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006) (district court cannot hold a unexhausted petition in abeyance; instead, it must dismiss the petition without prejudice for failure to exhaust); see also Rhines v. Weber, 544 U.S. 269, 274, 278, 125 S.Ct. 1528 (2005) (discussed "mixed" petition containing both exhausted and unexhausted claims); Lira v. Herrera, 427 F.3d 1164, 1173 n.10 (9th Cir.2005) (same); Jackson v. Roe, 425 F.3d 654, 661 (9th Cir.2005) (same). Because this court does not have discretion to hold the instant unexhausted petition in abeyance, petitioner's motion for stay must be denied.

Moreover, principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Younger v. Harris, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by

1  granting injunctive or declaratory relief absent extraordinary circumstances); Samuels v.
2  Mackell, 401 U.S. 66, 68-74, 91 S.Ct. 764 (1971).  Younger abstention is required when:  (1)
3  state proceedings, judicial in nature, are pending ; (2) the state proceedings involve important
4  state interests; and (3) the state proceedings afford adequate opportunity to raise the
5  constitutional issues.  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S.
6  423, 432, 102 S.Ct. 2515 (1982).  The rationale of Younger applies throughout appellate
7  proceedings, requiring that state appellate review of a state court judgment be completed before
8  federal court intervention is permitted.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11, 95
9  S.Ct. 1200 (1975); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir.1994)
10 (finding state court proceedings pending where criminal trial completed at time of abstention
11 decision).  Here, criminal proceedings are still considered pending against petitioner in state
12 court because of the pending appeal in the California Court of Appeal.  (Document Lodged
13 August 1, 2008.)  There is no indication that petitioner does not have an adequate opportunity to
14 present his claims in those proceedings.  Because a decision on the instant federal petition would
15 interfere with the pending criminal proceedings in the state court, this court must abstain from
16 deciding the instant petition.
17         In accordance with the above, IT IS HEREBY ORDERED that the August 26,
18 2008 findings and recommendations are vacated; and
19         IT IS RECOMMENDED that petitioner's September 12, 2008 request for stay
20 (docket no. 17) be denied, and respondent's August 1, 2008 motion to dismiss (docket no. 12.) be
21 granted.
22         These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, petitioner may file written
25 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
26 Findings and Recommendations."  Petitioner is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 2, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001
gilb1119.mtd2